The opinion of the Court was delivered by
Cheves, J.
It was contended, that the death of the maker having been proven, the fact dispensed with proof óf a demand, unless it had been proven by the defendant, that the maker had a legal representative. That to require proof of the plaintiff, that there was not a representative, was to require him to prove a negative. That it would, at least, oblige him to search, and to draw testimony from the proper offices of every district in the State, and that, therefore, the onus probandi, on this point, lay on the defendant.[1] But it was correctly replied, that such proof was not required, but that the law required proof of some efforts to make this demand. Thus, if the proper offices of the district,[2] in which the maker lived, had been searched, and it did not appear frpm them that he had a legal representative, then a demand made at the accustomed dwelling of the maker, when alive, would have been sufficient, and was necessaryor proof that he was a transient person, or the like, might have been sufficient; but no such proof was given. This ground, I think, therefore, sustained.
2d. It was necessary, also, that notice of the failure of payment, by the maker, or his representatives,[3] should have been given to the indorser, within reasonable time : and that reasonable time thé law has fixed to be as soon as shall be conveniently practicable. The note was due the 26th October, and notice was not given till early in November. Proof of notice, in general, ought to be more definite than this, and to fix with precision the day when it was given. But it is enough to say, that in this case, considering how near to each other the parties resided, it was too late. If the proof of insolvency had been much more *satisfactory, it would not have dispensed with notice. 1 Selwyn, 353.[4]
On both grounds, therefore, I am of opinion á new trial ought to be granted.
Colcook and Richardson, JJ., concurred.

 Rice, 191.

 4 McC. 503; 2 Bail. 457, note.

 Post. 468; 1 McC. 340; Rice, 244; 2 Rich. 339.

 2 N. & McC. 285; Harp. 267; 2 Bail. 460.